EDWARDS, Senior Circuit Judge,
concurring in the judgment.
The Authorization for Use of Military Force (“AUMF”) provides:
That the President is authorized to use all necessary and appropriate force against those nations, organizations, or persons he determines planned, authorized, committed, or aided the terrorist attacks that occurred on September 11, 2001, or harbored such organizations or persons, in order to prevent any future acts of international terrorism against the United States by such nations, organizations or persons.
Pub.L. No. 107-40, § 2(a), 115 Stat. 224 (2001) (emphasis added). In the National Defense Authorization Act for Fiscal Year 2012 (“NDAA”), Pub.L. No. 112-81, § 1021, 125 Stat. 1298, 1562 (2011), Congress reaffirmed the provisions of the *553 AUMF. The NDAA added a provision saying that “covered persons” include a “person who was a part of or substantially supported al-Qaeda, the Taliban, or associated forces that are engaged in hostilities against the United States ..., including any person who has committed a belligerent act or has directly supported such hostilities in aid of such enemy forces.” Id. § 1021(b)(2) (emphasis added).
Abdul Razak Ali’s habeas petition has been denied in this case because, as the majority says,
Ali was captured in a terrorist guesthouse in Pakistan where he resided with Abu Zubaydah and the senior leaders of Zubaydah’s terrorist force. Ali had been there for about 18 days. The guesthouse where Ali lived contained materials associated with al Qaeda and terrorism, and Ali participated in at least one component of Abu Zubaydah’s training program [by taking English lessons]. Moreover, Ali had traveled to Afghanistan to fight in the war....
Nothing in the record indicates that Ali “planned, authorized, committed, or aided the terrorist attacks” of September 11, 2001, or that he “harbored [terrorist] organizations or persons,” or that he was “part of or substantially supported al-Qae-da, the Taliban, or associated forces,” or that he “committed a belligerent act” against the United States. Ali may be a person of some concern to Government officials, but he is not someone who transgressed the provisions of the AUMF or the NDAA. Ali’s principal sin is that he lived in a “guest house” for “about 18 days.”
The majority attempts to overcome this disjunction between Ali’s alleged actions and the conduct prohibited by the AUMF and the NDAA by pointing to Ali’s “personal associations ” with Abu Zubaydah during Ali’s very brief stay in the guest house. The majority’s reliance on a “personal associations” test to justify its conclusion that Ali is detainable as an “enemy combatant” rests on the case law from this circuit cited in the majority opinion, which I am bound to follow. However, what is notable here is that there is a clear disjunction between the law of the circuit and the statutes that the case law purports to uphold. In other words, the “personal associations” test is well beyond what the AUMF and the NDAA prescribe.
The majority explains that “[t]he purpose of military detention is to detain enemy combatants for the duration of hostilities so as to keep them off the battlefield and help win the war.” This is indisputable, but it is no consolation for Ali because the result of our judgment today is that Ali may now be detained for life.
The majority acknowledges, as it must, that the “war against al Qaeda, the Taliban, and associated forces obviously continues,” and there is no end in sight. Our Nation’s “war on terror” started twelve years ago, and it is likely to continue throughout Ali’s natural life. Thus, Ali may well remain in prison for the rest of his life. It seems bizarre, to say the least, that someone like Ali, who has never been charged with or found guilty of a criminal act and who has never “planned, authorized, committed, or aided [any] terrorist attacks,” is now marked for a life sentence.
The majority says that “it is not the Judiciary’s proper role to devise a novel detention standard that varies with the length of detention.” Respectfully, in my view, that is not the issue. The troubling question in these detainee cases is whether the law of the circuit has stretched the meaning of the AUMF and the NDAA so far beyond the terms of these statutory authorizations that habeas corpus proceed *554 ings like the one afforded Ali are functionally useless.